EMMA LEONARD *vs.* CITY OF HOLYOKE.

Hampden.   Sept. 23. — Nov. 5, 1884.   C. ALLEN & COLBURN, JJ., absent.

A notice, by a person who has been injured by a defect in a highway in a city, addressed to "G., city clerk of the city," stating the time, place, and cause of the injury, and that he claims "damages from said city," is a sufficient notice to the city, under the Pub. Sts. *c.* 52, § 21.

TORT, for personal injuries occasioned to the plaintiff by reason of a defect in a highway in the defendant city.

At the trial in the Superior Court, before *Aldrich,* J., the plaintiff offered in evidence the following notice, signed by her and dated February 1, 1883, service of which was admitted; "To Michael J. Griffin, city clerk of the city of Holyoke: You are hereby notified that on Wednesday, the seventeenth day of January, A. D. 1883, between nine and ten o'clock in the forenoon, I received an injury by falling on the sidewalk on the southerly side of Dwight Street, in said Holyoke, and in front of the coal office of William B. Whiting and Company. The cause of said injury was the dangerous condition of said sidewalk, made so by the accumulation of frozen ice and snow on said sidewalk, making the same rough, uneven, and dangerous, and that I claim damages from said city of Holyoke in the sum of four thousand dollars."

The defendant objected to the sufficiency of the notice, on the ground that it was not a notice to the city of Holyoke, within the requirements of the statute, but a notice to Michael J. Griffin individually.

The judge sustained the objection; ruled that the action could not be maintained; and directed a verdict for the defendant. The plaintiff alleged exceptions.

*R. O. Dwight*, for the plaintiff.

*G. M. Stearns & T. B. O'Donnell*, for the defendant.

MORTON, C. J. The case of *Lyman* v. *Hampshire, ante,* 74, is decisive of the case at bar. The statute requires that the notice in writing which a plaintiff must give, as the condition of his right to maintain an action, may be given " in the case of a city, to the mayor, the city clerk, or the treasurer." Pub. Sts. *c.* 52, § 21.

The notice in this case was addressed " to Michael J. Griffin, city clerk of the city of Holyoke," and it expressly states that the plaintiff claims " damages from said city of Holyoke."

It is fuller and plainer than the notice in *Lyman* v. *Hampshire;* and, for the reasons stated in that case, we are of opinion that it was a sufficient notice to the city.

*Exceptions sustained.*